IN THE IOWA DISTRICT COURT FOR HENRY COUNTY

| | |
|---|---|
| CURTIS WAGLER, LORI WAGLER, OWEN WAGLER, EMMA WAGLER, and A.W., a minor,<br><br>        Plaintiffs,<br><br>  v.<br><br>DEPUTY SHERIFF CARLOS LOPEZ, SHERIFF RICH McNAMEE, DEPUTY SHERIFF CHAD DOAK, ZACH WHITE, and HENRY COUNTY, JOHN/JANE DOES 1-10,<br><br>        Defendants. | CASE NO._____<br><br><br>ORIGINAL NOTICE |

TO:    **DEPUTY SHERIFF CARLOS LOPEZ, SHERIFF RICH MCNAMEE, DEPUTY SHERIFF CHAD DOAK, ZACH WHITE, AND HENRY COUNTY, JOHN/JANE DOES 1-10**

YOU ARE HEREBY NOTIFIED that there is now on file in the office of the Clerk of the above Court, a Petition at Law and Demand for Jury Trial, a copy of which is attached hereto. The Petition at Law and Demand for Jury Trial was filed on February 06, 2025. The Plaintiffs' attorneys are Haytham Faraj and Matthew Amarin, Law Offices of Haytham Faraj, 1935 W Belmont Avenue, Chicago, IL, 60657. The attorneys' phone number is (312) 635-0800, and their e-mails are Haytham@FarajLaw.com and Matthew@FarajLaw.com.

You must serve a motion or answer within 20 days after service of this Original Notice upon you, and within a reasonable time thereafter file your Motion or Answer with the Clerk of Court for Henry County, Iowa, at the county Courthouse in Mt. Pleasant, Iowa. If you do not, Judgment by Default may be rendered against you for the relief demanded in the Petition.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this Original Notice upon you, you

serve, and within a reasonable time thereafter, file a Motion or Answer, in the Iowa District Court for Henry County, at the county Courthouse in Mt. Pleasant, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 1-319-398-3920, Ext. 200. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

**IMPORTANT:  YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LALA012560** |
| *County* | **Henry** |

*Case Title*  WAGLER ET AL V DEPUTY SHERIFF CARLOS LOPEZ ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(641) 684-6502** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **02/07/2025 01:29:34 PM**



*District Clerk of Court or/by Clerk's Designee of* Henry      *County*
**/s/ Barbara Leslie**

IN THE IOWA DISTRICT COURT IN AND FOR HENRY COUNTY

| | |
|---|---|
| CURTIS WAGLER; LORI WAGLER; OWEN WAGLER, EMMA WAGLER, and A.W., a minor,<br><br>   Plaintiffs,<br><br>v.<br><br>DEPUTY SHERIFF CARLOS LOPEZ; SHERIFF RICH McNAMEE, DEPUTY SHERIFF CHAD DOAK, ZACH WHITE, and HENRY COUNTY, JOHN/JANE DOES 1-10,<br><br>   Defendants. | **Case No.:**<br><br>PETITION AT LAW<br>(Jury Trial Demanded) |

## PETITION AT LAW

NOW COME, Plaintiffs CURTIS WAGLER; LORI WAGLER; OWEN WAGLER; EMMA WAGLER; and A.W., a minor, and complain against Defendants DEPUTY SHERIFF CARLOS LOPEZ; SHERIFF RICH McNAMEE; ZACH WHITE; HENRY COUNTY; and JOHN/JANE DOES 1-10, as follows:

### Introduction

1. This action seeks damages as a result of the abuse of power and civil rights violations spearheaded by a civil servant, Carlos Lopez, and ratified by Henry County Sheriff Rich McNamee. Deputy Lopez's conduct was so clearly abusive and in violation of the law he earned his way to being the sole member of the County's Brady-Giglio list.

2. The unlawful acts alleged herein occurred in Henry County, Iowa, from on or about April 21, 2023, when Henry County Sheriff's Deputy Lopez executed a baseless search warrant and arrested Curtis, Lori, and Owen. During that same search, the Henry County Sheriff's office searched and seized Emma and A.W., Curtis and Lori's youngest children.

1

3. The Sheriff's office then made their first press release stating that Curtis, Lori, and Owen were arrested on 10 felony charges.

4. The Waglers, through their attorney Danny Cornell, made open records requests for public records to Henry County seeking documents and communications relating to Lopez's placement on the County's Brady-Giglio list, along with records relating to the county attorney's decision not to prosecute the Waglers in a dismissed criminal case.

5. The violations by Defendants of Iowa law regarding the release of records relating to the incident made Plaintiffs pre-filing investigation of the incident difficult. The Defendants' efforts to cover up the immediate facts surrounding the wrongful execution of the baseless warrant, the sheriff's office cover-up of its violations, and the sheriff's ongoing defamatory statements against the Wagler family have caused the Wagler family great emotional distress and pain.

6. For precedent regarding the violation of Iowa law regarding the release of records currently being wrongfully withheld by Defendants see the See *Hawk Eye v. Jackson*, 521 N.W.2d 750 (Iowa 1994); *Mitchell v. Cedar Rapids*, 926 N.W.2d 222 (Iowa 2019); *Steele v. Henry County*, U.S. District Court, Southern District of Iowa, 3:16-cv-00105-JEG-SBJ, Doc. 95, filed August 14, 2018; *Klein v. Iowa Public Information Board*, Petition for Judicial Review under I.C.A. §17A.19, Iowa District Court for Polk County, Case No. CV 057831, filed March 22, 2019; and *Williams v. City of Burlington et al*, U.S. District Court, Southern District of Iowa, 3:19-cv-00043-SMT-HCA, Doc. 71, filed June 17, 2020.

### Parties

1. CURTIS WAGLER (hereinafter referred to as "Curtis") is an individual residing in the County of Henry, State of Iowa.

2.      LORI WAGLER (hereinafter referred to as "Lori") is an individual residing in the County of Henry, State of Iowa.

3.      OWEN WAGLER (hereinafter referred to as "Owen") is an individual residing in the County of Henry, State of Iowa.

4.      EMMA WAGLER (hereinafter referred to as "Emma") is an individual residing in the County of Henry, State of Iowa.

5.      A.W. is a minor individual residing in the County of Henry, State of Iowa.

6.      DEPUTY SHERIFF CARLOS LOPEZ (hereinafter referred to as "Lopez"), at all times relevant to the allegations made in this complaint, was a duly appointed officer employed by the COUNTY OF HENRY, acting within the scope of his employment with the COUNTY OF HENRY and under the color of State Law. He is being sued in his individual and official capacity.

7.      DEPUTY SHERIFF CHAD DOAK (hereinafter referred to as "Doak"), at all times relevant to the allegations made in this complaint, was a duly appointed officer employed by the COUNTY OF HENRY, acting within the scope of his employment with the COUNTY OF HENRY and under the color of State Law. He is being sued in his individual and official capacity.

8.      SHERIFF RICH McNAMEE (hereinafter referred to as "McNamee"), at all times relevant to the allegations made in this complaint, was a duly appointed officer employed by the COUNTY OF HENRY, acting within the scope of his employment with the COUNTY OF HENRY and under the color of State Law. He is being sued in his individual and official capacity.

9.      ZACH WHITE, at all times relevant to the allegations made in this complaint, was a duly appointed officer employed by the COUNTY OF HENRY, acting within the scope of his employment with the COUNTY OF HENRY and under the color of State Law. He is being sued in his individual and official capacity.

10.     HENRY COUNTY municipality duly incorporated under the laws of the State of Iowa, is the employer and principal of the individual Defendant Officers. At all times relevant to this Complaint, the HENRY COUNTY employed the individual officers. The HENRY COUNTY is responsible for the policies, practices, and customs of its department.

11.     Defendants John/Jane Doe 1-10 are unknown at this time because of Defendant Henry County's continuing violation of Iowa law regarding the release of law enforcement records, but upon information and belief is an agent of Defendant Henry County, resides in Henry County Iowa, acted under color of state law and wrongfully procured a warrant to search the Plaintiffs' home, wrongfully conducted a search of Plaintiffs' home, and assisted Defendants Lopez and McNamee in violating Plaintiffs' rights.

### General Allegations

1.      Curtis has resided in Henry County since he was born in 1974.

2.      Lori has resided in Henry County for over 50 years.

3.      Owen has resided in Henry County since he was born in 2003.

4.      Emma has resided in Henry County since she was born in 2006.

5.      A.W. has resided in Henry County since she was born in 2008.

6.      The Waglers own a family lumber business, Outdoor Tradition Co., located in Wayland, Iowa.

7.     The Waglers have been law-abiding, proactive, upstanding, and charitable members of the community for decades.

8.     Over the years Curtis, through his businesses, has employed dozens of citizens of the State of Iowa.

9.     Defendants Lopez and McNamee spearheaded the constitutional violations and defamatory statements against Curtis, Lori, and Owen in an attempt to shut down their business and convict them of unsubstantiated crimes arising out of civil business disputes – not criminal offenses.

10.     Defendants Lopez and McNamee, as civil servants, have created an environment of fear and wild west justice, instead of service and protection.

11.     On April 21, 2023, at approximately 7:30am, Deputy Sheriff Carlos Lopez along with approximately seven other armed members of law enforcement arrived at the Wagler home to execute a search warrant.

12.     The warrant lacked probable cause, and no reasonable officer would have believed there was probable cause to conduct a legal search.

13.     The application for the warrant sought permission to search the Waglers' home and business.

14.     The same application sought permission to search Plaintiffs Curtis, Lori, and Owen.

15.     The warrant broadly allowed the seizure of books, records, receipts, notes, ledgers, and other papers and electronic devices used/relating to the business of Outdoor Traditions.

5

16.     The same warrant included handwritten notes claiming that law enforcement also was permitted to seize electronically stored records, lock box, and safes with "curancy" [*sic*].

17.     Additionally, the purported warrant was titled "Application for Search Warrant", however, the words "Application For" were crossed out.

18.     Henry County Assistant State's Attorney Vierra signed off on the search warrant with specific instructions to Lopez to bring in full reports and the financial records seized into this office to discuss further action including the likely need to order a full forensic accounting to allow us to "follow the money" and determine if criminal activity was occurring.

19.     Lopez failed to heed ASA Vierra's instruction and arrested Curtis, Lori, and Owen.

20.     Officers at the scene, however, advised Curtis and Lori Wagler that they were not under arrest, but then proceeded to place them in a police vehicle.

21.     Owen Wagler was handcuffed and placed in a police vehicle.

22.     Also present at the Wagler home were Curtis and Lori's two younger daughters, Emma Wagler and A.W.

23.     Officers searched Emma and A.W.'s bookbags and seized A.W.'s laptop.

24.     Officers seized money from Emma and A.W.

25.     Although they were advised that they were not under arrest, Curtis, Lori, and Owen were placed in police vehicles, were not able to leave, and then were transported to the Sheriff's Station so processing.

26.     At the Station, Zach White conducted, not one but two cavity searches of Curtis Wagler.

27.     The cavity search conducted by Zach White of Curtis included searches of Curtis's anus.

28.      The Plaintiffs were told they were going to be held until Monday to see a judge.

29.     Upon information and belief, Defendants planned to hold Curtis, Lori, and Owen over the weekend to intentionally traumatize, inconvenience, embarrass, and burden them.

30.     However, at around 5:00pm on April 21, 2023, an incoming call was answered by a female at the station.

31.      Curtis observed the female become surprised during the call.

32.     Soon thereafter, Plaintiffs appeared before a judge.

33.     Upon information and belief, that phone call instructed Defendants to bring Curtis, Lori, and Owen before a Court to conduct a detention hearing.

34.     After learning about the case, the judge released Curtis, Lori, and Owen without having to post bail.

35.     When Curtis, Lori, and Owen returned home in the evening of April 21, 2023, they found their house flipped upside down. Their belongings were all over the floor. Documents were shuffled and tossed around. Their closets were ripped out of their closet and thrown around. Their home appeared as if burglars ran through their home with the intention of destroying it. Their family home was ransacked by law enforcement.

36.     During the search of the Waglers' business, officers broke electronic doors and unnecessarily pulled doors off buildings which was not required to gain access.

37.     Law enforcement seized cash belonging to Emma and A.W., even going into A.W.'s wallet and taking her money.

38.     After their arrest, Deputy Sheriff Carlos Lopez commenced a smear campaign against the Waglers and contacted the Plaintiffs' customers claiming they were being scammed and defrauded.

39.     McNamee and Lopez have accused the Waglers of a criminal enterprise multiple times during public meetings.

40.     The criminal case against the Waglers was dismissed by Henry County State's Attorney Darin R. Stater (hereinafter referred to as "Stater").

41.     Lopez's decision to arrest the Waglers was based on directionally motivated reasoning and his confirmation bias lead him to act prematurely without a legal basis.

42.     Lopez disregarded ASA Vierra's instruction and generally accepted procedures to actually conduct an investigation before making arrests.

43.     Stater publicly called out Lopez by stating that, "[i]t didn't matter what you received during the search warrant because you already had your mind made up that probable cause was met."

44.     This is abundantly clear because the Waglers were arrested prior to the processing and analyzing of any evidence seized during the execution of the search warrant.

45.     Lopez and the Henry County Sheriff's Office then issued their first press release stating the Curtis, Lori, and Owen were arrested and each charged with 10 separate felonies.

46.     The Waglers became the talk of the town.

47.     The Waglers were embarrassed to be seen in public.

48.     On November 7, 2023, Stater submitted a letter to Sheriff McNamee advising he is declining to prosecute Curtis, Lori, and Owen because of the lack of evidence and false statements in Lopez's affidavits.

49.     In the letter, Stater provided detailed reasoning for his decision to decline the

prosecution, including:

    a.  On April 18, 2023, Deputy Lopez requested a search warrant for the financial records of Outdoor Tradition Co. as part of an investigation into theft and/or fraud allegations made against the company by a number of their customers who were complaining about undelivered product.

    b.  Assistant County Attorney Vierra signed off on the warrant request and instructed Deputy Lopez to bring in full reports and the financial records seized into this office to discuss further action including the likely need to order a full forensic accounting to allow us to "follow the money" and determine if criminal activity was occurring.

    c.  The search warrant was executed at 7:00 a.m. on April 21, 2023. During the execution of the search warrant, and without input from my office, Curtis, Lori, and Owen Wagler were each arrested on ten criminal charges (1 B Felony, 5 C Felonies, 4 D Felonies). They were booked into the jail shortly after 9:00 a.m.

    d.  After receiving the complaints that afternoon, my office was left scrambling to determine the legitimacy of thirty felony charges without a single report or any type of notification that Deputy Lopez intended to take any of these actions. In reliance on the sworn statements of Deputy Lopez, I signed the Ongoing Criminal Conduct charges only.

    e.  I immediately called Deputy Lopez and spoke with him about my concerns with the way the search warrant, charges, and arrests were handled. I told Deputy Lopez that I couldn't sign any of the theft charges and I requested an immediate full report to determine how to proceed with the cases.

    f.  On April 22, one day after I informed Deputy Lopez that I didn't approve the theft charges, a press release was distributed by the Henry County Sheriff's Office stating that the Waglers had been arrested and charged with ongoing criminal conduct and falsely stating that they had each been charged with nine felony thefts.

    g.  My office did not receive an initial report from Deputy Lopez until May 8, 2023. In the meantime, I was forced to dismiss the charges that I had signed to avoid violating the Waglers' speedy trial rights and to preserve the cases if evidence of criminal activity was later discovered. It turns out that my decision to dismiss the charges was the right thing to do. Not only did Deputy Lopez's report fail to include evidence in support of criminal charges, but there is information showing that at least one of Deputy Lopez's sworn affidavits contains a false statement. To date, my office has not been presented with any evidence to support any criminal charge on any of the Waglers.

    h.  I am informed that at least four of the alleged victims included in the April 21st charges are currently involved in small claims litigation with Outdoor Tradition Co. This follows the small claims trial between the Outdoor Tradition and their

customer Mr. Canada, the alleged victim in one of the theft complaints, that resulted in a favorable ruling for the business and the discovery of false information contained in one of Deputy Lopez's sworn affidavits.

i. Past and present customers of Outdoor Tradition Co. who have complaints based on contracts for products or services have a full civil remedy available to them in a court of equity. That is the appropriate avenue to take, and each complainant should be directed accordingly by your office.

50. About one week prior to Stater's letter on November 7, 2023, on October 31, 2023, Stater sent a letter to Sheriff McNamee and Deputy Lopez, notifying them that Lopez is under consideration for placement on the Brady-Giglio list.

51. On December 5, 2023, a meeting between Deputy Lopez, Sheriff McNamee, County Attorney Stater, and other officials took place to discuss Lopez's potential placement on the Brady-Giglio list.

52. At a December 5, 2023, meeting, Deputy Lopez admitted the affidavits could have been worded better and that the report was insufficient.

53. Lopez said he agreed, in retrospect, that the false affidavits he filed which led to three arrests and charges of felony theft for members of the Wagler family in Wayland, "could have been articulated better." He also conceded that his report to prosecutors on the eventually dismissed case was insufficient to support criminal allegations.

54. On December 13, 2023, Stater formally placed Lopez on the Brady-Giglio list, citing an incident from April 21, 2023, as the basis.

55. On December 28, 2023, Lopez requested reconsideration under Iowa Code 80F.1(24)(c)(1), which allows officers to appeal their designation. Stater upheld his decision.

56. On December 4, 2024, Lopez filed his petition to the district court.

57. After the closing of the criminal file, Defendants Lopez and McNamee continued to pursue the criminal investigation of Waglers and defamed them numerous times.

58.     Defendants did not have probable cause to arrest the Waglers.

59.     Plaintiffs were illegally arrested, assaulted, and battered by Defendants.

60.     The lack of probable cause and evidence was so lacking that it led to the charges being dismissed.

61.     The lack of probable cause and evidence was so lacking it resulted in Defendant Lopez earning his way to being the sole law enforcement member on Henry County's Brady-Giglio.

62.     Defendants have publicly claimed that they are actively investigating the Waglers and continue to infer they are engaged in criminal activity them since their wrongful arrests in April 2023.

63.     To date, Defendants have not presented any evidence to support any criminal charge on any of the Waglers.

### Causes of Action

### COUNT I – UNLAWFUL AND FALSE ARREST
**Plaintiffs Curtis, Lori, and Owen Against Lopez, McNamee, Henry County, and Does 1-10**

64.     Plaintiffs restate and incorporate by reference the allegations in each of the above paragraphs as if fully set forth herein.

65.     Plaintiffs were detained and arrested by Defendants against their will.

66.     Defendants, acting under the color of state law, violated the Waglers' rights to be free from unreasonable seizure as guaranteed by Article I, Section 8 of the Iowa Constitution and the Fourth and Fourteenth Amendments of the United States Constitution.

67.     The arrest and charges caused Plaintiffs' damage.

68.     Specifically, Plaintiffs suffered and continue to suffer paranoia, depression, anger, embarrassment, emotional distress, humiliation, mental pain, mental anguish.

## COUNT II - IMPROPER AND ILLEGAL SEARCH
### Curtis, Lori, and Owen Against Lopez, Doak, McNamee, Henry County, and Does 1-10

69.     Plaintiffs restate and incorporate by reference the allegations in each of the above paragraphs as if fully set forth herein.

70.     Stater confirmed that the search warrant relied on a sworn affidavit that had at least one false statement made by Lopez.

71.     Specifically, Lopez swore under oath that Plaintiffs took $6,737 in exchange for wood product and that Plaintiffs did not deliver the wood and discontinued communication with the customer.

72.     Lopez knew this was a false statement as he possessed photos of the wood that was delivered to the customer.

73.     Additionally, had Lopez conducted any investigation, as recommended by the state's attorney, he would have had concrete evidence that Plaintiffs were still communicating with the customer in an attempt to resolve the issue.

74.     The search warrant omitted material facts, i.e. pending small claims cases.

75.     The search warrant lacked particularity and the items to be seized were too broad.

76.     Specifically, the warrant authorized the seizure of books, records, receipts, notes, ledgers, and other papers and electronic devices used/relating to the business of Outdoor Traditions which is so broad as to constitute a general warrant, violating the Fourth Amendment's particularity requirement. Further, in an age where most people have multiple electronic devices (i.e. phones, laptops, tablets…) the warrant failed to specify which electronic devices were subject to seizure allowing law enforcement to seize any and all electronic devices, including A.W.'s laptop.

77.     The handwritten note allowing the seizure of "lock box + safe with curancy" demonstrates the lack of attention and detail that went into the preparation of the warrant and its application.

78.     The handwriting and crossing out of the warrant raise serious concerns about its legal validity.

79.     To the extent the Defendants procured a warrant for Waglers' home or business, said warrant was procured without probable cause to believe a crime had been committed.

80.     To the extent the Defendants procured a warrant for any searches of the Waglers' electronic devices, including but not limited to cell phones and laptops, said warrant was procured without probable cause to believe a crime had been committed.

81.     Defendants, acting under the color of state law, violated the Waglers' rights to be free from unreasonable searches as guaranteed by Article I, Section 8 of the Iowa Constitution and the Fourth and Fourteenth Amendments of the United States Constitution.

82.     Defendants proximately caused damages to Plaintiff by their unlawful and unjustified searches.

### COUNT III - IMPROPER AND ILLEGAL SEARCH
### Emma and A.W. Against Lopez, Doak, McNamee, Henry County, and Does 1-10

83.     Plaintiffs restate and incorporate by reference the allegations in each of the above paragraphs as if fully set forth herein.

84.     Stater confirmed that the search warrant relied on a sworn affidavit that had at least one false statement made by Lopez.

85.     Specifically, Lopez swore under oath that Plaintiffs took $6,737 in exchange for wood product and that Plaintiffs did not deliver the wood and discontinued communication with the customer.

13

86.     Lopez knew this was a false statement as he possessed photos of the wood that was delivered to the customer.

87.     Additionally, had Lopez conducted any investigation, as recommended by the state's attorney, he would have had concrete evidence that Plaintiffs were still communicating with the customer in an attempt to resolve the issue.

88.     The search warrant omitted material facts, i.e. pending small claims cases.

89.     Lopez and others seized items from Emma and A.W. who were not the subjects of the search warrant.

90.     This includes seizing money the young girls earned selling puppies.

91.     The search warrant lacked particularity and the items to be seized were too broad.

92.     The warrant authorized the seizure of books, records, receipts, notes, ledgers, and other papers and electronic devices used/relating to the business of Outdoor Traditions which is so broad as to constitute a general warrant, violating the Fourth Amendment's particularity requirement. Further, in an age where most people have multiple electronic devices (i.e. phones, laptops, tablets…) the warrant failed to specific which electronic devices were subject to seizure allowing law enforcement to seize any and all electronic devices, including A.W.'s laptop.

93.     The handwritten note allowing the seizure of "lock box + safe with curancy" demonstrates the lack of attention and detail that went into the preparation of the warrant and its application.

94.     The handwriting and crossing out of the warrant raise serious concerns about its legal validity.

95.     To the extent the Defendants procured a warrant for Waglers' home or business,

said warrant was procured without probable cause to believe a crime had been committed.

96.     To the extent the Defendants procured a warrant for any searches of the Waglers'
electronic devices, including but not limited to cell phones and laptops, said warrant was
procured without probable cause to believe a crime had been committed.

97.     Defendants, acting under the color of state law, violated the Waglers' rights to be
free from unreasonable searches as guaranteed by Article I, Section 8 of the Iowa Constitution
and the Fourth and Fourteenth Amendments of the United States Constitution.

98.     Defendants proximately caused damages to Plaintiff by their unlawful and
unjustified searches.

## COUNT IV - MALICIOUS PROSECUTION

**Curtis, Lori, and Owen Against Lopez, Doak, McNamee, Henry County, and Does 1-10**

99.     Plaintiffs restate and incorporate by reference the allegations in each of the above
paragraphs as if fully set forth herein.

100.     Plaintiffs were prosecuted in a criminal proceeding commenced by Lopez,
McNamee, and Does 1-10 in Henry County.

101.     The prosecution ended favorably for the plaintiff.

102.     Specifically, all charges were dismissed.

103.     Defendants acted without probable cause.

104.     Defendants acted with malice.

105.     Specifically, Defendants knowingly made false statements during their process of
obtaining the search warrant and in the subsequent reports to the state's attorney.

106.     The prosecution was a cause of the Plaintiffs' damage.

107.     Plaintiffs suffered paranoia, depression, anger, embarrassment, emotional distress,
humiliation, mental pain, mental anguish.

15

108.    Additionally, as a result of the malicious prosecution Plaintiffs' business suffered economic damages.

## COUNT V – DEFAMATION

### Curtis, Lori, and Owen Against Lopez, McNamee, Henry County, and Does 1-10

109.    Plaintiffs restate and incorporate by reference the allegations in each of the above paragraphs as if fully set forth herein.

110.    At all times material hereto Defendants Lopez and McNamee were acting outside the scope of their authority with the Henry County Sheriff's Office, but under color of state law and within the scope of their agency with Henry County.

111.    Defendant Henry County is responsible for the conduct of Lopez, McNamee, and Does 1-10 under *respondeat superior*.

112.    Defendants Lopez, McNamee, Henry County and Does 1- 10 orally and in writing defamed Curtis, Lori, and Owen, falsely accusing them of past crimes, continuous crimes, and fraud.

113.    Defendants made false statements of criminal activity outside the scope of their authority.

114.    Defendants Lopez, McNamee, Henry County and Does 1- 10 made libelous and slanderous statements *per se* in that, on their face the statements accuse Curtis, Lori, and Owen of committing past crimes, continuous crimes, and fraud.

115.    These statements are false.

116.    Defendants Lopez, McNamee, Henry County and Does 1- 10 intended to render Curtis, Lori, and Owen repulsive, subject them to public hatred, contempt and ridicule.

117.    To the extent the information released by Defendants Lopez, McNamee, Henry

County and Does 1- 10 was procured pursuant to a warrant the material should have been kept confidential and not used as a public excuse for the smear campaign against the Waglers.

118.    The material was published to numerous news outlets and appeared in detail on local television.

119.    Plaintiffs were not public officials and had a reasonable expectation of privacy. The false and defamatory statements made were not privileged and were released in a manner not justified under the circumstances and Defendants knew or should have known of the defamatory nature of the statements.

120.    Even after Stater informed Lopez that he did not approve theft charges, Defendants conducted a second press release which was distributed by the Henry County Sheriff's Office stating that the Waglers had been arrested and charged with ongoing criminal conduct and falsely stating that they had each been charged with nine felony thefts.

121.    Again, these statements were false.

122.    Damages may be implied by law due to the nature of the defamatory statements and Plaintiffs have suffered losses proximately caused by Defendants defamatory statements.

## COUNT VI –BATTERY
### Curtis, Lori, and Owen against Lopez, Zach White and Does 1-10

123.    Plaintiffs restate and incorporate by reference the allegations in each of the above paragraphs as if fully set forth herein.

124.    Lopez and Does 1-10 arrested Curtis, Lori, and Owen against their will.

125.    The act was done with the intent to assert power and offensive contact.

126.    Defendants' act resulted in offensive touching of Curtis, Lori, and Owen.

127.    Zach White conducted not one, but two cavity searches of Curtis.

128.    Zach White's conduct was so offensive that it baffles the mind that he conducted

17

two searches of Curtis's anus.

129.     Defendants' acts were a cause of Plaintiffs' damages.

## COUNT VII –ASSAULT
### Curtis, Lori, and Owen against Lopez, Zach White and Does 1-10

130.     Plaintiffs restate and incorporate by reference all allegations in each of the above

paragraphs as if fully set forth herein.

131.     Lopez, Zach White, and Does 1-10 wrongfully arrested Plaintiffs.

132.     The wrongful arrest was an offensive touching.

133.     Lopez, Zach White, and Does 1-10's conduct placed Plaintiffs in fear of an

immediate offensive touching.

134.     Lopez, Zach White, and Does 1-10 lacked legal justification to assault Plaintiffs.

135.     Lopez, Zach White, and Does 1-10 lacked probable cause to place Plaintiffs in

fear of being touched offensively, i.e. being arrested.

136.     Plaintiffs reasonably believed that Lopez, Zach White, and Does 1-10's would

carry out an offensive touching.

137.     Lopez, Zach White, and Does 1-10 caused Plaintiffs damages.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### All Plaintiffs Against All Defendants

138.     Plaintiffs restate and incorporate by reference the allegations in each of the above

paragraphs as if fully set forth herein.

139.     Defendants conduct, i.e. illegal seizure, illegal searches, defamation, cavity

searches are outrageous conduct that go beyond the bounds of decency.

140.     Defendants intentionally caused emotional distress or acted with reckless

disregard of the probability of causing emotional distress.

18

141.     Plaintiffs suffered severe or extreme emotional distress.

142.     Defendant's outrageous conduct was a cause of the emotional distress.

143.     Plaintiffs suffered and continue to suffer emotional distress, embarrassment, fear, horror, grief, shame, humiliation, anger, chagrin, disappointment and worry.

### COUNT IX - VIOLATION OF OPEN RECORDS LAWS
### INCLUDING ARTICLE I, SECTION 2 of the IOWA CONSTITUTION
### Curtis, Lori, and Owen Against McNamee, Henry County, and Does 1 – 10

144.     Plaintiffs restate and incorporate by reference the allegations in each of the above paragraphs as if fully set forth herein.

145.     The state of Iowa and numerous governmental subdivisions of the state, including Henry County, have a standard and routine practice of refusing to follow Iowa's Open Records laws and the exceptions thereto contained in I.C.A. 22.7(5) which clearly states that "the date, time, specific location and immediate facts and circumstances surrounding a crime or incident shall not be kept confidential.

146.     On May 7, 2024, Curtis Wagler, through their attorney Danny Cornell, made open records requests for public records to Henry County seeking documents and communications relating to Lopez's placement on the County's Brady-Giglio list, along with records relating to the county attorney's decision not to prosecute the Waglers in a dismissed criminal case.

147.     McNamee decided to personally handle the request, further cementing himself into the campaign of violations against the Wagler family.

148.     McNamee acknowledged the request for the first time on May 20, 2024.

149.     On June 3, the Sheriff provided 1,000 pages of documents to the county attorney to review for confidentiality.

19

150.     On July 4, McNamee hired a private law firm, seeking their assistance in responding to the records request.

151.     McNamee instructed the county attorney to cease his review, citing a possible conflict of interest.

152.     According to McNamee's office, a package containing the requested records was mailed on August 5, but it was never received by the Waglers.

153.     On August 12, 2024, McNamee's office emailed the records it had physically mailed, which consisted of seven pages of records, with confidentiality asserted to withhold the remainder.

154.     This was 95 days after the request was made.

155.     The five records disclosed included 1) a single-page letter from the deputy to the county attorney requesting records related to the Brady-Giglio list, 2) a single-sentence email to the county attorney directing him to the aforementioned letter as an attachment, 3) a single-page letter from the deputy to the sheriff, requesting an investigation to avoid placement on the Brady-Giglio list, 4) a two-page signed statement by the deputy concerning his decision to make the arrests, and 5) an email from the sheriff to the county attorney which consisted of a "law enforcement checklist" reporting on the deputy's performance.

156.     As recent as January 16, 2025, McNamee claims confidentiality of the records, yet he continues to defame the Waglers claiming criminal activity.

157.     The tactics of McNamee intent on keeping government wrongdoing secret have made it fruitless and impossible to properly enforce Iowa's open records laws.

158.     McNamee should be immediately required to release all information regarding the documents and communications relating to Lopez's placement on the County's Brady-Giglio list, along with records relating to the county attorney's decision not to prosecute the Waglers in a dismissed criminal case in compliance I.C.A. 22.7(5) and the holding of the Iowa Supreme Court in *Mitchell v. Cedar Rapids*, No. 18-0124, filed April 4, 2019.

159.     McNamee has acted in violation of Article I, Section 2 of the Iowa Constitution, requiring that "[a]ll political power is inherent in the people. Government is instituted for the protection, security, and benefit of the people, and they have the right, at all times, to alter or reform the same, whenever the public good may require it."

160.     The people of Henry County and Iowa cannot maintain their rights, as guaranteed by Article I, Section 2 of the Iowa Constitution, when information about governmental wrongdoing is withheld from public scrutiny by the government.

161.     McNamee has acted intentionally to fail to comply with Iowa law.

### Relief Sought

**WHEREFORE,** Plaintiffs pray for judgment against Lopez, McNamee, Henry County, and Does 1-10, in an amount no less than five million dollars ($5,000,000.00) which will fully and fairly compensate Plaintiffs for their injuries and damages; for attorneys' fees; for interest and costs as allowed by law; for punitive damages against Lopez, Doak, McNamee, and Does 1-10; and for such other and further relief as may be just in the premises. Additionally, Plaintiff prays for an Order from this Court requiring the Defendant McNamee and Henry County to publicly release all documents and communications relating to Lopez's placement on the County's Brady-Giglio list, along with records relating to the county attorney's decision not to prosecute the Waglers in the dismissed criminal case; for appropriate damages; attorneys' fees;

for interest and costs as allowed by law; and for such other and further relief as may be just in the

premises.

Respectfully Submitted:

*/s/ Haytham Faraj*
Haytham Faraj
Law Offices of Haytham Faraj, PLLC
1935 W. Belmont Avenue
Chicago, IL 60657
312-635-0800
Haytham@FarajLaw.com
Matthew@Farajlaw.com

EXHIBIT A - Page 25

# Return of Service

## IN THE IOWA DISTRICT COURT IN AND FOR HENRY COUNTY

**CURTIS WAGLER; LORI WAGLER; OWEN WAGLER, EMMA WAGLER AND A.W. A MINOR VS DEPUTY SHERIFF CARLOS LOPEZ, SHERIFF RICH MCNAMEE, DEPUTY SHERIFF CHAD DOAK, ZACH WHITE AND HENRY COUNTY, JOHN/JANE DOES 1-10**

Case Number: **LALA012560**
Civil Number: **25-000161**
Date Received: **02/12/2025 @ 14:26**
Date Printed: 02/13/2025 @ 9:48

**STATE OF IOWA**
**HENRY COUNTY** }

I hereby certify that I served a copy of:

ORIGINAL NOTICE                    PETITION

**To:     SHERIFF RICH MCNAMEE   at   800 S GRAND AVE,  MT PLEASANT,    52641**
            on   **02/12/2025   @   14:54**        Type of Service:**PERSONAL**

Remarks:

Case Notes:

RICH MCNAMEE, SHERIFF
HENRY COUNTY

By:   \S\ CHIEF DEPUTY  CHAD DOAK

**Fees:**

| | | |
|---|---|---|
| Service Fees: | 30.00 | |
| Mileage: | 3.00 | |
| Copies: | 13.00 | |
| Total: | 46.00 | |

Paid By:
Date:
Check #:

# Return of Service

## IN THE IOWA DISTRICT COURT IN AND FOR HENRY COUNTY

| | |
|---|---|
| **CURTIS WAGLER; LORI WAGLER; OWEN WAGLER, EMMA WAGLER AND A.W. A MINOR VS DEPUTY SHERIFF CARLOS LOPEZ, SHERIFF RICH MCNAMEE, DEPUTY SHERIFF CHAD DOAK, ZACH WHITE AND HENRY COUNTY, JOHN/JANE DOES 1-10** | Case Number: **LALA012560**<br>Civil Number: **25-000161**<br>Date Received: **02/12/2025** @ **14:26**<br>Date Printed: 02/13/2025 @ 9:49 |

**STATE OF IOWA**
**HENRY COUNTY**        }

I hereby certify that I served a copy of:

ORIGINAL NOTICE                    PETITION

**To:**    **DEPUTY CARLOS LOPEZ   at  800 S GRAND AVE,  MT PLEASANT,    52641**
          on   **02/12/2025   @   15:50**      Type of Service:**PERSONAL**

Remarks:

Case Notes:

**Fees:**

| | | |
|---|---|---|
| Service Fees: | 30.00 | |
| Mileage: | 3.00 | |
| Copies: | 13.00 | |
| Total: | 46.00 | |

RICH MCNAMEE, SHERIFF
HENRY COUNTY

By:   \S\ SHERIFF  RICHARD MCNAMEE

Paid By:
Date:
Check #:

# Return of Service

## IN THE IOWA DISTRICT COURT IN AND FOR HENRY COUNTY

---

**CURTIS WAGLER; LORI WAGLER; OWEN WAGLER, EMMA WAGLER AND A.W. A MINOR VS DEPUTY SHERIFF CARLOS LOPEZ, SHERIFF RICH MCNAMEE, DEPUTY SHERIFF CHAD DOAK, ZACH WHITE AND HENRY COUNTY, JOHN/JANE DOES 1-10**

Case Number: **LALA012560**
Civil Number: **25-000161**
Date Received: **02/12/2025** @ **14:26**
Date Printed: 02/13/2025 @ 9:47

---

**STATE OF IOWA**
**HENRY COUNTY** }

I hereby certify that I served a copy of:

ORIGINAL NOTICE                              PETITION

**To:** **ZACH WHITE** **at** **800 S GRAND AVE, MT PLEASANT,** **52641**
on **02/12/2025** @ **15:00**        Type of Service:**PERSONAL**

Remarks:

Case Notes:

**Fees:**

| | | |
|---|---|---|
| Service Fees: | 30.00 | |
| Mileage: | 3.00 | |
| Copies: | 13.00 | |
| Total: | 46.00 | |

RICH MCNAMEE, SHERIFF
HENRY COUNTY

By: \S\ SHERIFF  RICHARD MCNAMEE

Paid By:
Date:
Check #:

# Return of Service

## IN THE IOWA DISTRICT COURT IN AND FOR HENRY COUNTY

| | |
|---|---|
| **CURTIS WAGLER; LORI WAGLER; OWEN WAGLER, EMMA WAGLER AND A.W. A MINOR VS DEPUTY SHERIFF CARLOS LOPEZ, SHERIFF RICH MCNAMEE, DEPUTY SHERIFF CHAD DOAK, ZACH WHITE AND HENRY COUNTY, JOHN/JANE DOES 1-10** | Case Number: **LALA012560**<br>Civil Number: **25-000161**<br>Date Received: **02/12/2025 @ 14:26**<br>Date Printed: 02/13/2025 @ 9:48 |

**STATE OF IOWA**
**HENRY COUNTY**          }

I hereby certify that I served a copy of:

ORIGINAL NOTICE                                        PETITION

**To:     DEPUTY CHAD DOAK  at  800 S GRAND AVE,  MT PLEASANT,     52641**
             on  **02/12/2025  @  14:53**          Type of Service:**PERSONAL**

    Remarks:

    Case Notes:

**Fees:**

| | | |
|---|---|---|
| Service Fees: | 30.00 | |
| Mileage: | 3.00 | |
| Copies: | 13.00 | |
| Total: | 46.00 | |

RICH MCNAMEE, SHERIFF
HENRY COUNTY

By:   \S\ SHERIFF  RICHARD MCNAMEE

Paid By:
Date:
Check #:

# Return of Substitute Service

## IN THE IOWA DISTRICT COURT IN AND FOR HENRY COUNTY

| | |
|---|---|
| **CURTIS WAGLER; LORI WAGLER; OWEN WAGLER, EMMA WAGLER AND A.W. A MINOR VS DEPUTY SHERIFF CARLOS LOPEZ, SHERIFF RICH MCNAMEE, DEPUTY SHERIFF CHAD DOAK, ZACH WHITE AND HENRY COUNTY, JOHN/JANE DOES 1-10** | Case Number: **LALA012560** <br> Civil Number: **25-000161** <br> Date Received: **02/12/2025** @ **14:26** <br> Date Printed: 02/13/2025 @ 9:47 |

**STATE OF IOWA** }
**HENRY COUNTY**

I hereby certify that I served a copy of:

ORIGINAL NOTICE                                        PETITION

**To:** HENRY COUNTY AUDITOR'S OFFICE at **100 E WASHINGTON ST, MT PLEASANT, IA 52641**
        on **02/12/2025** @ **15:25**     Type of Service:**PERSONAL**
**By substitute service on:**
        **ROBIN DETRICK** at **100 E WASHINGTON ST, MT PLEASANT, IA**
        Relationship/Title:                                Legal Age:

Remarks:

Case Notes:

**Fees:**

| | | |
|---|---|---:|
| | Service Fees: | 30.00 |
| | Mileage: | 3.00 |
| | Copies: | 13.00 |
| | Total: | 46.00 |

Paid By:
Date:
Check #:

RICH MCNAMEE, SHERIFF
HENRY COUNTY

By: \S\ SHERIFF  RICHARD MCNAMEE