**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| CURTIS WAGLER; LORI WAGLER; OWEN WAGLER, EMMA WAGLER, and A.W., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>DEPUTY SHERIFF CARLOS LOPEZ; SHERIFF RICH McNAMEE, DEPUTY SHERIFF CHAD DOAK, ZACH WHITE, and HENRY COUNTY, JOHN/JANE DOES 1-10,<br><br>Defendants. | CASE NO. 3:25-cv-00019-RGE-WPK<br><br>**DECLARATION OF DANNY L. CORNELL** |

I, Danny L. Cornell, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of eighteen, I am competent to testify, and I make this Declaration on personal knowledge.

2. I am an attorney licensed to practice law in the State of Iowa. I am the principal of Cornell Injury Law, 111 E. Washington Street, P.O. Box 27, Mt. Pleasant, Iowa 52641, in Henry County. I have practiced law in Iowa since 1994.

3. I represent Curtis Wagler, Lori Wagler, and Owen Wagler in connection with requests for public records under Iowa Code Chapter 22 directed to the Henry County Sheriff's Office, and I represented them before the Iowa Public Information Board ("IPIB") in Complaint No. 24FC:0089.

4. On April 21, 2023, Curtis, Lori, and Owen Wagler were arrested by Henry County Sheriff's deputies during the execution of a search warrant at their property. The charges against them were later dismissed. By letter dated November 7, 2023, Henry County Attorney Darin R. Stater formally declined prosecution.

5. On May 7, 2024, on behalf of the Waglers, I submitted a written open records request under Iowa Code Chapter 22 to Sheriff Rich McNamee of the Henry County Sheriff's Office. The request sought: (1) all documents and communications regarding Deputy Carlos Lopez being placed on a Giglio list; (2) any Giglio letters issued concerning Deputy Lopez; (3) records confirming receipt of such Giglio letters by the Sheriff's Office; and (4) any other documents associated with the subject matter of the November 7, 2023 declination-of-prosecution letter and the actions taken by Deputy Lopez related thereto. The date line of the letter as sent contains a typographical error, reading “May 7, 2023”; the request was prepared and sent in May 2024, and the Sheriff’s Office received it on May 9, 2024.

6. The Sheriff's Office received the request on May 9, 2024.

7. On May 20, 2024, Sheriff McNamee notified my office that he had been out of the office and had just received the written request, and he asked for “leniency” due to his absence from work.

8. On May 20, 2024, after my office asked the Henry County Attorney’s Office about the status of the request, County Attorney Stater responded in writing to my office, copying Sheriff McNamee, stating that he had not been contacted by the Sheriff’s Office regarding the request and was “unaware of the reason your request has neither been acknowledged nor fulfilled,” citing Iowa Code § 22.8(4)(d)’s twenty-calendar-day limit, and stating that it was reasonable, in his opinion, to expect a response from the Sheriff’s Office by May 23, 2024. On June 3, 2024, County Attorney Stater wrote to my office that an employee of the Sheriff’s Office had that day dropped off a binder of approximately 1,000 pages of documents for his office to review for disclosure, acknowledging that the response was “already

beyond what is the generally accepted timeline for response and production of documents." These emails were produced by Henry County in this action at HC000604–606.

9. Between May 9, 2024 and August 12, 2024, the Sheriff's Office did not produce a single record to my office. During that period, apart from an initial estimate of approximately two weeks given on May 21, 2024, the Sheriff's Office provided my office no rolling production, no periodic updates on the status of the request, no explanation of any obstacles to production, and no further estimate of when records would be produced.

On or about June 25, 2024, my office was informed that outside counsel had been retained, and I first learned on July 25, 2024, after my office contacted the County Attorney's Office, that the Sheriff had directed that office to take no further action on the request.

10. On August 1, 2024, having received nothing, my office sent Sheriff McNamee a follow-up letter, copied to County Attorney Stater, demanding a response by August 7, 2024 and advising that a complaint would otherwise be filed with the IPIB.

11. On August 6, 2024, Sheriff McNamee responded by email to my office, stating: "Sorry for the extended delay. Your FOIA request, with answers, was mailed yesterday."

12. The mailed package of records had not been received by my office or, to my knowledge, by the Waglers as of August 12, 2024.

13. On August 12, 2024, the Sheriff's Office emailed my office the records it said it had mailed. The production consisted of approximately seven pages, comprising five records: (1) a single-page letter from Deputy Lopez to the County Attorney requesting records related to the Brady-Giglio list; (2) a single-sentence email to the County Attorney directing him to that letter as an attachment; (3) a single-page letter from Deputy Lopez to the Sheriff requesting an investigation to avoid placement on the Brady-Giglio list; (4) a two-page signed statement by

Deputy Lopez concerning his decision to make the arrests; and (5) an email from the Sheriff to the County Attorney consisting of a “law enforcement checklist” reporting on Deputy Lopez's performance. Confidentiality was asserted to withhold the remainder of the responsive records. Sheriff McNamee's cover letter, dated August 5, 2024, stated: “I apologize that internal friction in county government slowed down the response.” The cover letter asserted that the records responsive to the request were confidential (i.e., the investigative file under Iowa Code § 22.7(5), and correspondence between the Sheriff's Office and the County Attorney's Office as attorney-client privileged), and requested a $20 fee for the production.

14. The August 12, 2024, production came ninety-five days after the Sheriff's Office received the request on May 9, 2024, and ninety-seven days after the request was made.

15. In approximately August 2024, a reporter for the Southeast Iowa Union investigating Deputy Lopez's Brady-Giglio placement advised that he had obtained records from Henry County; IPIB counsel later referred to records that had been shared with the reporter as the “McCain disclosures.” On August 12, 2024, the Southeast Iowa Union published the first part of its two-part investigative series concerning Deputy Lopez’s placement on the Brady-Giglio list.

16. On October 9, 2024, I filed a complaint with the IPIB on behalf of the Waglers against the Henry County Board of Supervisors and the Henry County Sheriff's Office, docketed as Complaint No. 24FC:0089, alleging, among other things, unreasonable delay in the production of public records.

17. On November 21, 2024, the IPIB entered a Dismissal Order dismissing the complaint as to the Henry County Board of Supervisors only, leaving the complaint against the Sheriff’s Office to proceed under the same case number. The Order’s findings recite that on July 4, 2024, Sheriff McNamee contacted a private law firm for assistance with the request, and that

on July 15, 2024, Sheriff McNamee emailed County Attorney Stater directing his office to take no further action on the request, stating: "I withdraw any action that may have been perceived as handing this FOIA request off to your office for any time of review. I will review the exceptions myself and soon communicate an official response to the requester, as the custodian of records sought in this request."

18. At its meeting on January 16, 2025, the IPIB approved an order accepting the complaint, and the parties were formally notified of the acceptance order on January 17, 2025.

19. On January 30, 2025, IPIB agency counsel identified three issues for informal resolution: (1) unreasonable delay; (2) whether the correct legal standard (the *Hawk Eye* balancing test, as reaffirmed in *Mitchell v. City of Cedar Rapids*) had been applied to withhold the investigative file; and (3) records withheld on a claim of attorney-client privilege.

20. On February 6, 2025, Sheriff McNamee wrote to IPIB counsel, copying all parties, and stated among other things: that the investigation of the Waglers begun in the fall of 2022 remained ongoing; that in early June 2024 he had requested that the county IT employee scan county email for records responsive to the document requests; that the IT employee informed him he had been instructed by the County Attorney and one of the county supervisors not to give the Sheriff the results of that scan; that the County Attorney's Office had some of the responsive materials from May into June 2024 with no report back to him; and, in the Sheriff's words, "I believe these actions added delay to a response to the requesters."

21. At or in connection with the IPIB proceedings, Sheriff McNamee asserted that there was an ongoing investigation of the Waglers based on "45 to 50" complaints, and the Sheriff's Office relied on that asserted ongoing investigation to withhold the investigative file concerning the dismissed 2023 charges.

22. On February 2, 2025, my office submitted a further open records request to the Henry County Sheriff's Office.

23. On March 10, 2025, IPIB counsel proposed an informal resolution under which the Sheriff's Office would revisit the requested investigative file under the *Hawk Eye* balancing test. On April 8, 2025, counsel for the Sheriff's Office responded, disputing that *Hawk Eye* applies to an open investigation, agreeing to provide only "some basic facts of the investigation" limited to the period before the fall 2023 dismissal, and asking the Board to dismiss the unreasonable-delay issue. On April 18, 2025, I responded on behalf of the Waglers, objecting that a custodian cannot shield records indefinitely by invoking an "ongoing investigation."

24. Following a meeting held May 9, 2025, counsel for the Sheriff's Office sent a letter dated June 10, 2025 setting out the Sheriff's Office's application of the "Hawkeye" balancing test to the investigative file, which counsel described as containing 979 pages. The letter identified categories of pages that would not be produced—investigator notes and internal communications claimed as work product; evidence of Wagler billing and payments; investigator communications to witnesses; communications between complaining parties and the Waglers; and documents seized from the Waglers in the execution of the search warrant—and identified pages to be produced, including the arrest report, criminal complaints, and search warrant materials. The June 10, 2025 letter was produced by Henry County in this action at IPIB Complaint 341–343.

25. On August 15, 2025, IPIB agency counsel issued an Investigative Report in Complaint No. 24FC:0089 for the Board's August 21, 2025 meeting. The Report recommended that the Board determine that probable cause exists to believe a violation of Iowa Code Chapter 22 occurred based on the unreasonable delay in production—a delay of at least 88 to 95 days—

but dismiss that portion of the complaint as an exercise of administrative discretion, and recommended dismissal of the portion of the complaint concerning the records withheld from the investigative file. On August 20, 2025, I submitted written comments objecting to any dismissal of the complaint after a probable-cause finding.

26. At its meeting on August 21, 2025, the IPIB approved a Probable Cause Order in Complaint No. 24FC:0089, which was mailed to the parties on August 22, 2025. The Order reflects two of the actions available under Iowa Administrative Code rule 497-2.2(4): a determination that probable cause exists to believe a violation has occurred, with the matter dismissed as an exercise of administrative discretion, and a dismissal for lack of probable cause. These correspond to the two portions of the complaint addressed in the Investigative Report: the unreasonable delay in production, and the records withheld from the investigative file, respectively.

27. To date, the following categories of records responsive to the May 7, 2024 request have never been produced: the Brady-Giglio communications between the Sheriff's Office and the County Attorney's Office withheld on privilege grounds; the pages of the investigative file withheld under the June 10, 2025 “Hawkeye” analysis; records identified in the county IT email scan.

28. Prior to the June 10, 2025 letter—more than thirteen months after the request—the Sheriff's Office never provided my office any index or itemization of the records withheld, and it has never identified, record by record, which exemption is claimed for which record or explained, record by record, the basis for confidentiality.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 15th day of Sept, 2026, at Mt. Pleasant, Iowa.

Danny L. Cornell